# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: April 19, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| CHRISTINE COSSETTE, | * | UNPUBLISHED |
| | * | |
| | * | No. 20-1570V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation for Award; |
| AND HUMAN SERVICES, | * | Tetanus-diphtheria-acellular |
| | * | -pertussis ("Tdap"); complex |
| | * | regional pain syndrome |
| | * | ("CRPS"). |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Ronald Craig Homer,* Conway, Homer, P.C., Boston, MA, for petitioner.
*Andrew Henning,* Department of Justice, Washington, D.C., for respondent.

### DECISION FOR STIPULATION[1]

On November 12, 2020, Christine Cossette ("petitioner") filed a petition for compensation under the National Vaccine Injury Program.[2] Petitioner alleged that as a result of receiving the Tetanus-diphtheria-acellular-pertussis ("Tdap") vaccination on July 24, 2018, she developed complex regional pain syndrome ("CRPS"). Petition (ECF No. 1).

On April 19, 2022, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation ("Stip.") (ECF No. 36). Respondent denies that the Tdap vaccine is the cause of petitioner's alleged injuries, or any other injury or her current condition. *Id.* at ¶ 6. Nevertheless, maintaining their respective positions, the parties

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation to the petitioner according to the terms of the stipulation attached hereto as Appendix A. *Id.* at ¶ 7.

The stipulation provides:

1) **A lump sum of $95,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damage that would be available under 42 U.S.C. § 300aa-15(a).**

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen<br>
Thomas L. Gowen<br>
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).